IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN SCHUTTER<br>An Individual<br>2451 Eighteenth Street NW<br>Washington DC 20009<br>Plaintiff<br><br>v.<br><br>DAVID HERSKOWITZ<br>An Individual<br>579 Christmas Lane<br>Williston, VT 05495<br>And<br>PHILIP BANKS<br>An Individual<br>405 Glen Arbor Court<br>King of Prussia, PA 19406 | Civil Action Number |

**Complaint for Monetary Damages**

NOW COMES Plaintiff Stephen Schutter, through undersigned counsel, and for his Complaint in this matter states and alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. Section 1332, inasmuch as there is diversity of citizenship in different states among the parties and the amount in controversy exceeds $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

2. Venue is appropriate in this District pursuant to 28 U.S.C. Section 1391(a) inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

## The Parties

3. Plaintiff Stephen Shutter is an individual citizen currently residing and domiciled at 2451 Eighteenth Street NW, Washington DC 20009.

4. Upon information and belief, Defendant David Herskowitz is an individual currently domiciled and residing in the State of Vermont.

5. Upon information and belief, Defendant Philip Banks is an individual citizen currently domiciled and residing in the Commonweatlh of Pennsylvania.

## Factual Allegations

6. At all times relevant to this Complaint, Defendant Herskowitz was the owner of real property ("Property") and a business operating as a youth hostel ("Business") located at #32 South Bank Street, Philadelphia, PA.

7. Sometime in late 2005, Plaintiff became aware of the fact that Defendant Herskowitz was offering for sale the Property and Business.

8. Plaintiff and Defendant Herskowitz thereafter negotiated for the purchase of the Property and Business.

9. During these negotiations Defendant Herskowitz repeatedly and falsely misrepresented the lawful capacity of the youth hostel Business to be 70 beds. This lawful capacity and occupancy of the Business was also set forth in publicly available documents, which were provided to Plaintiff, as lawfully accommodating and being licensed for 70 beds of youth hostel capacity.

10. The representation as to the lawful capacity of 70 beds was knowingly false when made, was made for the purpose of inducing Plaintiff into entering into an agreement for the purchase and sale of the Property and the Business, and was materially and detrimentally relied upon by Plaintiff in its decision to agree to purchase the Property and the Business on the terms and conditions agreed.

11. At all times relevant to this Complaint, the lawful occupancy of the Business pursuant to its Certificate of Occupancy was only 52 beds.

12. On or about November 30, 2005, Plaintiff executed a document purporting to authorize Defendant Banks to represent him in negotiating for purchase of the Property and Business, with the specific condition that there be "a clear,

unrestricted Certificate of Operation [sic] from the City of Philadelphia, as well as any and all regulatory authorities having jurisdiction for the property, necessary to conduct business for a seventy bed Hostel (70).

13. Plaintiff had no other agreement with Defendant Banks with respect to the purchase or sale of the Property or the Business.

14. Defendant Banks represented himself to Plaintiff as a licensed real estate and business broker, and represented to Plaintiff that he would be paid for his services, if, and only if, the Property and Business were ultimately transferred to Plaintiff.

15. Based upon the false representation of capacity and in reliance on the represented capacity of the Business, Plaintiff agreed to purchase the Property and Business from Defendant Herskowitz for a total of $1,600,000 (One Million Six Hundred Thousand Dollars).

16. Defendant Herskowitz and Plaintiff executed a document entitled "Agreement of Sale of 32 Bank Street, Philadelphia Pa.", dated on or about December 2, 2005 and executed by Defendant Herskowitz on or about December 16, 2005 ("Agreement").

17. The Agreement provided for transfer of the Property and the Business, including but not limited to "vending machines, Beds, frames, mattresses, furniture, kitchen equipment, linens, pool tables, TV's washer, all existing telephone lines and numbers to be kept in service, existing internet listing web site www.bankstreethostel.com."

18. The parties specifically agreed that that among the items to be transferred to Plaintiff were all business permits and licenses "together with a clear, unrestricted Certificate of Operation [sic] from the City of Philadelphia ... necessary to conduct business for a 70-bed Hostel (70)."

19. Pursuant to the terms of the Agreement, Plaintiff tendered to Defendant Banks the amount of $100,000.00 to be held as a refundable deposit in Escrow ("Escrow") pending satisfaction of the contingencies in the Agreement, including but not limited to due diligence inspection by the Plaintiff as to the accuracy of Defendant Herskowitz's representations as to the books, records,

and certificates of occupancy for the Business, and a closing on the sale of the Property and the Business.

20. However, Defendant Herskowitz concealed from Plaintiff the false representation as to the lawful capacity of the Business, and it was only upon further inquiry to the City of Philadelphia that Plaintiff discovered that the certificate of occupancy for the Business premises was limited to a capacity of 54 beds instead of the falsely represented capacity of 70 beds.

21. Defendant Herskowitz acknowledged that he was unable to honor the Agreement that included a Certificate of Occupancy for a 70-bed Hostel, and the parties agreed to terminate the Agreement and refund the Escrow to Plaintiff in full.

22. On or about February 2, 2006, Defendant Herskowitz acknowledged in writing that the Agreement had been terminated, and promised in writing that "all escrow monies held by Philip Banks shall be released immediately to the Buyer [Plaintiff]."

23. However, neither Defendant Banks nor Defendant Herskowitz ever returned the $100,000.00 in escrowed monies to Plaintiff, despite repeated written demands therefore.

24. No benefit was conferred upon Plaintiff by either Defendant Herskowitz or Defendant Banks.

25. Many, if not all, of the documents, actions and inactions, statement and false representations relevant to this action were made and/or executed in the District of Columbia.

COUNT ONE:  Breach of Contract
(Defendant Herskowitz)

26. Plaintiff incorporates and alleges the paragraphs set forth above as if fully stated herein.

27. Prior to failure of the condition precedent to the Agreement and discovery of the false misrepresentations as to the lawful capacity of the Business, Plaintiff

was ready willing and able to perform each and every of its obligations under the Agreement.

28. Defendant Herskowitz failed to honor the terms and conditions of the Agreement by failing to provide and convey the Property and the Business with the falsely represented capacity of 70 beds for lawful occupancy.

29. Plaintiff has been damaged by this breach in an amount to be determined at trial, but not less than $1,600,000.00.

COUNT TWO: Fraudulent Inducement to Contract
(Defendants Herskowitz and Banks)

30. Plaintiff incorporates and alleges the paragraphs set forth above as if fully stated herein.

31. By their statements, acts and omissions as more fully identified above, Defendants Herskowitz and Banks, jointly and severally, made material misrepresentations to the Plaintiff, including but not limited to falsely representing the lawful capacity of the Business, for the purpose of inducing the Plaintiff into entering into the Agreement on the terms and conditions set forth therein.

32. Defendants Herskowitz and Banks knew at the time they made these false misrepresentations that the lawful capacity of the Business was not 70 beds, but was in fact only 54 beds.

33. Plaintiff relied on these material misrepresentations to his detriment and would not have agreed to enter into the Agreement on the terms and

conditions set forth therein but for these material misrepresentations by Defendants.

34. Plaintiff has been damaged by this fraudulent inducement to contract in an amount to be determined at trial, but not less than $1,600,000.00.

## COUNT THREE: Breach of Fiduciary Duty
(Defendant Banks)

35. Plaintiff incorporates and alleges the paragraphs set forth above as if fully stated herein.

36. By his actions and inactions as set forth above, including but not limited to his refusal to refund the Escrow held under his control even at the direction of both parties to the transaction, Defendant Banks has breached a fiduciary duty to Plaintiff.

37. Plaintiff has been damaged by this breach of fiduciary duty in an amount to be determined at trial, but not less than $150,000.00.

38. Plaintiff is entitled to punitive and exemplary damages for this breach of fiduciary duty in an amount to be determined at trial, but not less than $150,000.00.

## COUNT FOUR: Unjust Enrichment
(Defendants Herskowitz and Banks)

39. Plaintiff incorporates and alleges the paragraphs set forth above as if fully stated herein.

40. By wrongfully retaining the monies tendered by Plaintiff in good faith as a fully refundable Escrow, and by refusing to return these monies upon

termination of the Agreement, Defendants Herskowitz and Banks have been unjustly enriched at the expense of Plaintiff.

41. Plaintiff has been damaged by this unjust enrichment in an amount to be determined at trial, but not less than $150,000.00.

COUNT FIVE: Fraud and Misrepresentation
(Defendants Herskowitz and Banks)

42. Plaintiff incorporates and alleges the paragraphs set forth above as if fully stated herein.

43. Defendants Herskowitz and Banks falsely induced Plaintiff to tender $100,000.00 into the Escrow through false representations as to both the value and lawful capacity of the Business and as to their intent to hold separate the Escrow and refund the Escrow in full to Plaintiff should the transaction not be completed.

44. Plaintiff has been damaged by these fraudulent misrepresentations in an amount to be determined at trial, but not less than $150,000.00.

45. Plaintiff is entitled to punitive and exemplary damages as a result of these fraudulent misrepresentations, in an amount to be determined at trial but not less than $1,600,000.00.

WHEREFORE Plaintiff prays for entry of judgment as follows:

A. For its actual damages in an amount of not less than $1,600,00.00.

B. For punitive and exemplary damages in an amount of not less than $1,600,000.00.

C. For its attorneys fees and costs of this action.

D. For such other relief as this Court may deem just and appropriate.

RESPECTFULLY SUBMITTED:

STEPHEN SCHUTTER
By Counsel

James M. Loots (384763)
236 Massachusetts Ave NE #20
Washington DC 20002
(202) 536-5650
jloots@lootslaw.com

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

Stephen Schutter

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — DC
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James M Loots, Esq. (384763)
236 Massachusetts Ave NE #204
Washington DC 20002
(202) 536-5650

### DEFENDANTS

David Herskowitz
Phillip Banks

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER 1:06CV01846
JUDGE: Rosemary M. Collyer
DECK TYPE: Contract
DATE STAMP: 10/27/2006

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- (x) 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | (x)1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | (x)2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**A. Antitrust**
- 410 Antitrust

**B. Personal Injury/Malpractice**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

**C. Administrative Agency Review**
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

**D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**(x) E. General Civil (Other)  OR   F. Pro Se General Civil**

Real Property
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

Personal Property
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

Bankruptcy
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

Prisoner Petitions
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

Property Rights
- 820 Copyrights
- 830 Patent
- 840 Trademark

Federal Tax Suits
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

Other Statutes
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⦿ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1332 Diversity Breach of Contract, Fraudulent Inducement, Breach of Fiduciary Duty, Unjust Enrichment, Fraud and Misrepresentation

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 1,600,000.0028  Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 24 October 2006  SIGNATURE OF ATTORNEY OF RECORD

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.