oIIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN SCHUTTER | : | |
| | : | Civil Action Number |
| v. | : | 1:06cv01846 |
| DAVID HERSKOWITZ | : | |
| And | : | |
| PHILIP BANKS | : | |

### Plaintiff's Opposition to the Motion of Defendant Herskowitz to Dismiss And Compel Arbitration

Defendant David Herskowitz seeks to dismiss this action as against him, claiming that an arbitration clause within a written agreement for the sale of a youth hostel ("Agreement") precludes Plaintiff's claims against him in this forum. However, the claims of fraud and misrepresentation, including fraudulent inducement to contract, properly pled against Defendant Herskowitz are beyond the scope of arbitration properly required under the Agreement. Furthermore, The Federal Arbitration Act does not apply to this case and applicable District of Columbia law provides, at most, that this action ought be stayed pending arbitration, not dismissed in its entirety.

Such motions are properly reviewed under the summary judgment standard of Rule 56(c). *Hughes v. CACI, Inc.*, 384 F.Supp.2d 89, 92-93 (D.D.C.2005) (" 'inasmuch as the district court's order to arbitrate is in effect a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate[,]' consideration of the motion according to the 'standard used by district courts in resolving summary judgment motions pursuant to Fed.R.Civ.P. 56(c) … is appropriate.' ") (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n. 9 (3d Cir.1980); also

1

citing *Nelson v. Insignia/Esg, Inc.*, 215 F.Supp.2d 143, 147 (D.D.C.2002); *Lok Tio v. Wash. Hosp. Center*, 2004 WL 2663149, at 2-3 (D.D.C.2004)).

I. The claims in this Action are beyond those subject to the Agreement's Arbitration Clause.

Defendant Herskowitz correctly notes that the contract dated December 2, 2005 ("Agreement") between Plaintiff and Defendant Herskowitz contains an agreement to arbitrate disputes arising under that contract. However, the claims in this case transcend the terms of the Agreement itself, and instead focus on the fraudulent misrepresentations and actions of Defendant Herskowitz in inducing Plaintiff into entering into the contract in the first place.

Importantly, the arbitration clause upon which Defendant Herskowitz relies refers to disputes between them arising from interpretation or enforcement of the contract terms. The clause cannot be reasonably extended to apply to arbitration of claims such as fraud and fraudulent inducement that challenge the very existence of the Agreement and the manner in which Defendant Herskowitz caused Plaintiff to agree to its terms and conditions. If the fraudulent inducement voids the Agreement, the a fortiori it voids the limitations in that Agreement that might otherwise compel arbitration.

Furthermore, Plaintiff's integrally related claims against Defendant Banks, who is wrongfully retaining a $100,000.00 deposit under the Agreement, can only be resolved in relation to Defendant Herskowitz. Since Defendant Banks is not a party to the Agreement, he cannot compel arbitration. However, Plaintiff's claims against Banks and Banks' anticipated defenses to those claims all involve monies paid into escrow for the benefit of Defendant Herskowitz under the Agreement. Plaintiff will be unable to obtain complete relief without both Defendants before the Court, inasmuch as Banks wrongfully

retains monies supposedly paid into escrow on Herskowitz's behalf. The bifurcation of these claims would also waste judicial resources with duplicative proceedings. Both Defendants must be in the same forum at the same time in order to afford Plaintiff the relief to which it is entitled.

II. Statutory Authority does not Permit Dismissal of these Claims

Courts will enforce an agreement to arbitrate disputes arising in the future (a "future arbitration clause") only if a statute has abrogated the common law rule. *Coles v. Redskin Realty Co.*, 184 A.2d 923, 926-27 (D.C. 1962). Defendant Herskowitz proposes two potential statutory authorities for such deference. Neither compels dismissal of the instant action against him.

A. The Federal Arbitration Act does not apply to this action. Because there is no allegation of, nor facts supporting, interstate commerce.

The U.S. Arbitration Act permits judicial enforcement of an arbitration clause in "a contract evidencing a transaction involving commerce." 9 U.S.C. Section 2 (1976); see *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 401, 87 S.Ct. 1801, 1804, 18 L.Ed.2d 1270 (1967); *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 200, 76 S.Ct. 273, 274, 100 L.Ed. 199 (1956); 9 U.S.C. s 1 (1976). Local courts have treated this Act as applicable in the District of Columbia. See; *John W. Johnson, Inc. v. 2500 Wisconsin Ave., Inc.*, 231 F.2d 761, 764 (1956); *Legg, Mason & Co. v. Mackall & Coe, Inc.,* 351 F.Supp. 1367, 1370 (D.D.C.1972).

Courts have applied the Act, however, only to contracts involving commerce between the District and some external point. See *Rubewa Prods. Co. v. Watson's Quality Turkey Prods., Inc.*, 242 A.2d 609, 613 n.7 (D.C. 1968); *Coles v. Redskin Realty Co.,*

3

*supra,* 184 A.2d at 926-27 (agreement to settle dispute over finder's fee for purchase of real estate in District fails to satisfy "commerce" requirement).

In the instant dispute, the issue is purely one of contract law between two parties, and does not allege nor otherwise implicate any aspect of interstate commerce. As such, the Federal Arbitration Act does not apply to this diversity claim. There is no basis to stay or dismiss this case on the authority of the Act.

Even if the Act did apply, dismissal is not a proper remedy in this case. The Act provides that when the court is satisfied that the issues before it are subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

Although it is true that courts are not precluded from dismissing an action all together "in the proper circumstances," including where "all issues raised in the complaint must be submitted to arbitration." *Emeronye v. CACI Int'l, Inc.*, 141 F.Supp.2d 82, 88 (D.D.C.2001), in the instant case all defendants and all issues are not subject to arbitration. As such, this case does not present "proper circumstances" and. dismissal is not the appropriate remedy for Plaintiff's claims against Defendant Herskowitz. At most, if the Act applies at all, this action must be stayed against Defendant Herskowitz, not dismissed.

B. The District of Columbia Uniform Arbitration Act Does not Permit Dismissal.

Even if this Court were to determine that Plaintiff's claims are within the scope of arbitration contemplated by the Agreement, and even if this Court were to apply the District of Columbia Uniform Arbitration Act to require these disputes to be submitted to arbitration, the remedy of dismissal is not a proper action under the D.C. Act.

4

As the District of Columbia's Court of Appeals has stated:

> [T]he DCUAA requires a stay of litigation when arbitration is to take place, and therefore the court's authority to dismiss the case was at best doubtful. D.C. Code § 16-4302(d). Although the defendants moved for a dismissal, and that is how the court responded, we have made interpretations to effectuate the purpose of the DCUAA in the past. In *Hercules & Co. v. Beltway Carpet Serv., Inc.*, we stated that the defendant's "motion to dismiss must be seen as a motion to compel arbitration," noting that "the granting of the motion to 'dismiss' would not have resulted in the dismissal of count 1, but rather in a stay of the litigation as to that claim, pending the outcome of arbitration." 592 A.2d 1069, 1071, 1073 (D.C.1991) (internal citation omitted). Similarly, in *Robinson v. Booker,* we explained that "appellant's original motion ⋯ had sought a dismissal of the complaint on the ground that the contract compelled arbitration; accordingly, that motion must be seen as the application for compelled arbitration ⋯" 561 A.2d 483, 484 (D.C.1989).

*Judith v. Graphic Communications Intern. Union*, 727 A.2d 890, 892 (D.C.,1999).

As such, even if this Court were to issue an order compelling arbitration of the Plaintiff's claims against Defendant Herskowitz, it must retain jurisdiction over the underlying dispute and stay the action pending completion of the contemplated arbitration proceedings.

WHEREFORE Plaintiff respectfully submits that Defendant Herskowitz's Motion to Dismiss or Compel Arbitration be Denied or that, in the alternative, the claims against Defendant Herskowitz be stayed pending completion of the arbitration process.

RESPECTFULLY SUBMITTED:

STEPHEN SCHUTTER
By Counsel

_____
James M. Loots (384763)
236 Massachusetts Ave NE #20
Washington DC 20002
(202) 536-5650
jloots@lootslaw.com

## Certificate of Service

I hereby certify that the foregoing was served by ECF upon counsel for Defendant Herskowitz and by first class mail, postage prepaid, on December 11, 2006 upon:

Phillip Banks
405 Glen Arbor Court
King of Prussia PA 19406

_____