IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN SCHUTTER : | |
| : | Civil Action Number |
| v. : | 1:06cv01846 |
| DAVID HERSKOWITZ : | |
| And : | |
| PHILIP BANKS : | |

PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT HERSKOWITZ TO

DISMISS FOR LACK OF PERSONAL JURISDICATION AND IMPROPER VENUE

Now comes Plaintiff Stephen Schutter, and in opposition to the Motion of Defendant David Herkowitz to Dismiss this action for lack of personal jurisdiction and improper venue, states as follows:

As this court is doubtless aware, in a diversity action brought in District of Columbia, court may look to District of Columbia long-arm statute to determine whether it has personal jurisdiction. *Novak-Canzeri v. Saud,* 864 F.Supp. 203 (D.C. 1994). The District's long-arm statute, in turn, permits exercise of personal jurisdiction to full extent permitted by due process clause of Constitution. *Id.,* D.C.Code 1981, § 13-423. All that is required is some affirmative act by defendant is necessary to bring himself within court's jurisdiction and to establish minimum contacts necessary to meet "transacting-any-business" subsection of District of Columbia's long-arm statute *First American Corp. v. Al-Nahyan*, 948 F.Supp. 1107 (1996). The phrase "transacting any business," within statute authorizing a court in the District of Columbia to exercise personal jurisdiction over a person who acts directly or by agent as to a claim for relief arising from person's

1

transacting any business in the District of Columbia, embraces those contractual activities of a nonresident defendant which cause a consequence in the District of Columbia.

As the D.C. Court of Appeals has noted, the "transacting any business" provision of District of Columbia long-arm statute embraces those contractual activities of nonresident defendant which causes a consequence in the District. *Mouzavires v. Baxter,* 434 A.2d 988 (D.C. 1981) (Per Curiam opinion joined by four Judges with one Judge concurring in result.), certiorari denied 102 S.Ct. 1643, 455 U.S. 1006, 71 L.Ed.2d 875 (1981)

At issue in this case are the breaches by Defendant of provisions set forth in an contract for the purchase and sale of a youth hostel owned by Defendant Herskowitz. A copy of the Agreement itself is attached to Defendant's Memorandum in support of the instant Motion ("Def. Mem.") as Exhibit B. As set forth in the Complaint and in the Declaration of Stephen Schutter ("Schutter Decl.") attached hereto as Exhibit A, that Agreement was negotiated, accepted, created, and money tendered under, all in the District of Columbia.

Here, there is sufficient allegation and evidence of Defendant Herskowitz's activities with respect to this contract in order to fairly assert personal jurisdiction over him in the District of Columbia. Plaintiff does not dispute Herskowitz's claim that he is a resident of Vermont or that the subject matter of the disputed contract is in Pennsylvania. See Herskowitz Aff. At ¶2,3. However, those issues are not dispositive of the issue, nor do they counteract the fact that for every action in the contract that took place in Vermont, at least as many contract-related activities happened in the District of Columbia. Herskowitz asserts that he did not perform any part of the Agreement in the

District. Def. Mem at ¶ 2. However, the contract was accepted and executed by Plaintiff in the District and payment was tendered by Plaintiff in the District. Schutter Declaration at ¶¶ 4-6. The Agreement was negotiated during telephone calls with Herskowitz made to the District of Columbia. Schutter Declaration at ¶3.

Defendant Herskowitz also asserts that the Agreements has a Pennsylvania choice of law clause. Def. Mem. at ¶ 2. However, this Court is equally capable as any other of properly interpreting and applying Pennsylvania law, and this fact has no bearing on the propriety of jurisdiction in the Plaintiff's chosen forum.

Defendant's argument that Herskowitz's contacts are not "sufficiently continuous and systematic" (Def. Mem. at 3) is misplaced. The phrase "transacting any business," within the District of Columbia long-arm statute allows the court to exercise personal jurisdiction over a person who acts directly or by agent as to a claim for relief arising from person's transacting any business in the District of Columbia, embraces those contractual activities of a nonresident defendant which cause a consequence in the District of Columbia. D.C.Code 1981, § 13-423(a), (a)(1), (b). Cockrell *v. Cumberland Corp*., 458 A.2d 716 (D.C. 1983).

"Any" business – not continuous and systematic business -- is sufficient when the allegations of jurisdiction pertain to the contract at issue in the litigation. Here, Defendant Herskowitz intentionally and knowingly entered into negotiations with a District of Columbia resident, negotiated with Plaintiff by contacting him at his District of Columbia domicile, caused a written Agreement to be sent to Plaintiff for execution in the District of Columbia, and accepted tender of the security deposit that was made in the District of Columbia. Schutter Declaration at ¶¶ 3-6. Furthermore, the District of

3

Columbia is the location at which the majority damages from Defendant's breach were suffered, in that it was here that Plaintiff's security deposit was tendered and not returned when it was wrongfully retained by the Defendants.   Schutter Declaration at ¶ 7.

The Agreement at issue in this lawsuit was solicited, negotiated and formed within the District of Columbia.  That is sufficient basis upon which to exercise jurisdiction over Defendant Herskowitz.

Similarly, venue in this jurisdiction is appropriate under 28 USC Section 1391(a). The Agreement was solicited and negotiated by Defendant to Plaintiff in the Distirct of Columbia, the Agreement was accepted and formed in the District of Columbia, and tender of payment by Defendant was accepted by Defendant from the District of Columbia.  These clearly constitute a "substantial part" of the contractual relations at issue here, sufficient to render venue in the District of Columbia appropriate.[1]

RESPECTFULLY SUBMITTED:

                    STEPHEN SCHUTTER
                    By Counsel

                    _____
                    James M. Loots (384763)
                    236 Massachusetts Ave NE #204
                    Washington DC 20002
                    (202) 536-5650
                    jloots@lootslaw.com

---

[1] Even were this Court to determine venue inappropriate, the permitted, proper and appropriate remedy in the interests of justice would be to cure such defect by transferring this action to another judicial district, not dismiss the Complaint entirely.  28 USC 1406(a).

### Exhibits – Affidavits

     Plaintiff's counsel has electronically filed an executed Declaration of Stephen Schutter to be included as Exhibit "A" hereto.  Counsel hereby certifies that he has the original Declaration in his possession and shall retain same without alteration until the conclusion of this litigation and expiration of any periods of time during which appeal may be taken.

_____

### Certificate of Service

     I hereby certify that the foregoing was served by ECF upon counsel for Defendant Herskowitz and by first class mail, postage prepaid, on December 11, 2006 upon:

Phillip Banks
405 Glan Arbor Court
King of Prussia PA 19406

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN SCHUTTER : | |
| : | Civil Action Number |
| v. : | 1:06cv01846 |
| DAVID HERSKOWITZ : | |
| And : | |
| PHILIP BANKS : | |

DECLARATION OF STEPHEN SCHUTTER

Stephen Schutter hereby declares, affirms and states under penalty of perjury the following:

1. My name is Stephen Schutter and I make this Declaration in support of my opposition to the Motion of Defendant David Herskowitz to dismiss the complaint for lack of personal jurisdiction.

2. During the fourth quarter of 2005, I negotiated with Mr. Herskowitz for the purchase of a youth hostel he owns that is located in Philadelphia, Pennsylvania. The negotiations resulted in an Agreement dated December 2, 2005 ("Agreement").

3. Throughout the negotiations, I communicated frequently with Mr. Herskowitz by telephone from my Washington DC residence. Mr. Herskowitz telephoned me at my Washington DC telephone number and was aware of the fact that he was negotiating the Agreement with me while I was in Washington DC.

4. I received the Agreement in Washington, DC and executed the Agreement in Washington DC.

2

5. I sent Mr. Herskowitz the fully-executed Agreement from Washington DC.

6. I tendered the $100,000.00 deposit as set forth in the Agreement from Washington DC.

7. I suffered the damages from the breaches of the Agreement, including but not limited to the loss of the $100,000.00 deposit, while I was in Washington DC.

FURTHER AFFIANT SAYETH NOT
December 8, 2006

_____/s_____
Stephen Schutter