IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN SCHUTTER : | |
| : | Civil Action Number |
| v. : | 1:06cv01846 |
| DAVID HERSKOWITZ : | |
| And : | |
| PHILIP BANKS : | |

**Plaintiff's Opposition to Defendant Banks' Motion to Dismiss for Lack of Personal Jurisdiction for Agreed Upon Limitation of Jurisdiction to Arbitration in the Commonwealth of Pennsylvania and Lack of Subject Matter Jurisdiction**

Defendant Philip Banks seeks to dismiss this action as against him, claiming (a) this Court lacks personal jurisdiction over Defendant Banks; (b) that an arbitration clause within a written agreement for the sale of a youth hostel ("Agreement") *to which Banks is not even a party* somehow precludes Plaintiff's claims against him in this forum; and (c) this diversity case somehow fails to give the Court subject matter jurisdiction.

As set forth in more detail below, none of this claims merits dismissal of the action against Defendant Banks.

I. Defendant Banks is subject to personal Jurisdiction in the District of Columbia

In a diversity action brought in District of Columbia, court may look to District of Columbia long-arm statute to determine whether it has personal jurisdiction. *Novak-Canzeri v. Saud,* 864 F.Supp. 203 (D.C. 1994). The District's long-arm statute, in turn, permits exercise of personal jurisdiction to full extent permitted by due process clause of Constitution. *Id.,* D.C.Code 1981, § 13-423. All that is required is some affirmative act by defendant is necessary to bring himself within court's jurisdiction and to establish minimum contacts necessary to meet "transacting-any-business" subsection of District of

1

Columbia's long-arm statute *First American Corp. v. Al-Nahyan*, 948 F.Supp. 1107 (1996). The phrase "transacting any business," within statute authorizing a court in the District of Columbia to exercise personal jurisdiction over a person who acts directly or by agent as to a claim for relief arising from person's transacting any business in the District of Columbia, embraces those contractual activities of a nonresident defendant which cause a consequence in the District of Columbia.

As the D.C. Court of Appeals has noted, the "transacting any business" provision of District of Columbia long-arm statute embraces those contractual activities of nonresident defendant which causes a consequence in the District. *Mouzavires v. Baxter,* 434 A.2d 988 (D.C. 1981) (Per Curiam opinion joined by four Judges with one Judge concurring in result.), certiorari denied 102 S.Ct. 1643, 455 U.S. 1006, 71 L.Ed.2d 875 (1981)

As alleged in the Complaint and previously verified by Plaintiff in response to the similar motion of Defendant Herskowitz as well as again in response to the instant Motion, there were significant, repeated and intentional acts by both Defendants that caused actions and damages in the District of Columbia. See Complaint ¶35, Declaration of Stephen Schutter attached hereto as Exhibit A.

Jurisdiction over Defendant Banks engages appropriate in that he engaged in "continuous and substantial" business in the District of Columbia, as evidenced in part by his statements to Plaintiff (Schutter Decl. ¶ 3) and by the fact that Defendant Banks uses a District of Columbia local telephone number to solicit and conduct business in this jurisdiction. See page one of Exhibit A to the Motion of Defendant Banks; Schutter Decl. ¶¶ 3-5. Defendant Banks' use of a local phone number for business purposes is

certainly probative of both his continuous and substantial presence and, more particularly of the fact that *this transaction* took place in the District of Columbia.

The phrase "transacting any business," within the District of Columbia long-arm statute allows the court to exercise personal jurisdiction over a person who acts directly or by agent as to a claim for relief arising from person's transacting any business in the District of Columbia, embraces those contractual activities of a nonresident defendant which cause a consequence in the District of Columbia. D.C.Code 1981, § 13-423(a), (a)(1), (b). Cockrell *v. Cumberland Corp*., 458 A.2d 716 (D.C. 1983).

"Any" business – not continuous and systematic business -- is sufficient when the allegations of jurisdiction pertain to the exact conduct at issue in the litigation. Here, Defendant Banks intentionally and knowingly entered into negotiations with a District of Columbia resident, agreeing to assist Plaintiff in locating potential financing and in acting as a real estate broker in Pennsylvania in order to further negotiate and attempt to effect the proposed transaction. Schutter Decl. ¶ 2. Defendant Banks repeatedly contacted and communicated with Plaintiff in the District of Columbia, as part of his activities in pursuing a potential purchase and same of the youth hostel, always using a District of Columbia telephone number for telephone communications. Schutter Decl ¶ 5.

Furthermore, the District of Columbia is the location at which the majority damages from Defendant Banks' wrongful conduct were suffered, in that it was here that Plaintiff's security deposit was tendered and not returned when it was wrongfully retained by the Defendants. Schutter Decl. ¶¶ 8,9. It was in the District that Banks is alleged to have made fraudulent representations to Schutter, and it was in the District that these fraudulent representations came to fruition when Banks refused to return the

3

$100,000.00 of Plaintiff's money that he was wrongfully retaining. Plaintiff received the Agreement in Washington, DC and executed the Agreement in Washington DC. Schutter Decl. ¶ 6. Plaintiff sent Mr. Herskowitz and Mr. Banks copies of the fully-executed Agreement from Washington DC. Schutter Decl. ¶ 7.

Defendant Banks submits *no verification nor factually admissible evidence to the contrary,* and in fact cannot deny that (a) he regularly conducts business in the District of Columbia and (b) his actions and inactions in pursuing the course of conduct that led to this lawsuit took place within and involved his personal actions within the District of Columbia. Either of these grounds would be sufficient to establish personal jurisdiction here.

Similarly, venue in this jurisdiction is appropriate under 28 USC Section 1391(a). The Agreement was solicited and negotiated by Defendant to Plaintiff in the Distirct of Columbia, the Agreement was accepted and formed in the District of Columbia, and tender of payment by Defendant was accepted by Defendant from the District of Columbia. These clearly constitute a "substantial part" of the contractual relations at issue here, sufficient to render venue in the District of Columbia appropriate.[1]

II. Defendant Banks lacks privity or rights under the alleged agreement to arbitrate.

As is also true for the similar claim of Defendant Herskowitz, and as more fully explained in the opposition to Defendant Herskowitz' motion, the claims of fraud and misrepresentation, including fraudulent inducement to contract, properly pled against

---

[1] Even were this Court to determine venue inappropriate, the permitted, proper and appropriate remedy in the interests of justice would be to cure such defect by transferring this action to another judicial district, not dismiss the Complaint entirely. 28 USC 1406(a).

4

Defendant Herskowitz are beyond the scope of arbitration properly required under the Agreement. Furthermore, The Federal Arbitration Act does not apply to this case and applicable District of Columbia law provides, at most, that this action ought be stayed pending arbitration, not dismissed in its entirety.

Of more importance to the instant motion, however, and as what should be s single dispositive fact in denying Defendant Banks' Motion to Arbitrate, is the fact that an agreement to arbitrate claims between parties must be an agreement *between the parties*, not between the plaintiff and a third party whose claims and defenses are entirely distinct from those of Defendant Banks.

Such motions are properly reviewed under the summary judgment standard of Rule 56(c). *Hughes v. CACI, Inc.,* 384 F.Supp.2d 89, 92-93 (D.D.C.2005) (" 'inasmuch as the district court's order to arbitrate is in effect a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate[,]' consideration of the motion according to the 'standard used by district courts in resolving summary judgment motions pursuant to Fed.R.Civ.P. 56(c) ⋯ is appropriate.' ") (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 54 n. 9 (3d Cir.1980); also citing *Nelson v. Insignia/Esg, Inc.,* 215 F.Supp.2d 143, 147 (D .D.C.2002); *Lok Tio v. Wash. Hosp. Center,* 2004 WL 2663149, at 2-3 (D.D.C.2004)).

    A. Defendant Banks is not a party to any arbitration agreement and cannot claim to bind Plaintiff under the agreement.

In essence, Defendant Banks is alleged to be holding a substantial security deposit that was entrusted to him in escrow pursuant to the failed agreement to purchase a youth hostel from Defendant Herskowitz. It would appear from the initial responses of Defendant Herskowitz that his position is that Banks should have returned the escrow to

5

Plaintiff Stephen Schutter, and that Herskowitz is not at fault in the underlying claim in this litigation. Whatever the case, there is no question that the Agreement attached to Defendant Banks' motion as Exhibit A (a) does not name Banks as a party to the Agreement; (b) does not name Banks as agent or third party beneficiary to any party; and (c) is not signed by Banks.

Although a legal rather than factual assertion on its face, it is self evident from the Agreement that if Plaintiff Schutter wished to sue Banks for breach of the Agreement (which he has not done), Banks would have a facially valid defense that he could not be sued for breach of a contract to which he is not a party. Yet he attempts to bring himself within the fold of the Agreement's terms in order to avoid response in this forum to the allegation that he is wrongfully withholding the Plaintiffs' money without legal right of any type.

> B. Even if Banks could claim privity to the Agreement, that Agreement does not apply to the wrongful retention of Plaintiff's monies.

Defendant Banks correctly notes that the contract dated December 2, 2005 ("Agreement") between Plaintiff and Defendant Herskowitz contains an agreement to arbitrate disputes arising under that contract. However, as previously noted in Plaintiff's opposition to the Motion of Defendant Herskowitz to dismiss this matter in favor of arbitration, the claims in this case transcend the terms of the Agreement itself, and instead focus on the fraudulent misrepresentations and actions of Defendant Herskowitz in inducing Plaintiff into entering into the contract in the first place.

Importantly, the arbitration clause upon which Defendant Bank relies refers to disputes between them arising from interpretation or enforcement of the contract terms of the agreement between Plaintiff and Herskowitz. The clause cannot be reasonably

6

extended to apply to arbitration of claims such as fraud and fraudulent inducement that challenge the very existence of the Agreement and the manner in which Defendant Herskowitz caused Plaintiff to agree to its terms and conditions. If the fraudulent inducement voids the Agreement, then *a fortiori* it voids the limitations in that Agreement that might otherwise compel arbitration. If the claims against Herskowitz are not within the scope of the actual arbitration language, the claims against Banks – who is not even a party to that agreement – cannot be "bootstrapped" into arbitration.

### C. Statutory Authority does not Permit Dismissal of these Claims

Courts will enforce an agreement to arbitrate disputes arising in the future (a "future arbitration clause") only if a statute has abrogated the common law rule. *Coles v. Redskin Realty Co.*, 184 A.2d 923, 926-27 (D.C. 1962). As previously discussed in response to the similar motion of Defendant Herskowitz, there is no statutory authority that compels dismissal of the instant action against either Defendant, but particularly not against Defendant Banks, who is not even a party to the alleged agreement to arbitrate.

1. The Federal Arbitration Act does not apply to this action. Because there is no allegation of, nor facts supporting, interstate commerce.

The U.S. Arbitration Act permits judicial enforcement of an arbitration clause in "a contract evidencing a transaction involving commerce." 9 U.S.C. Section 2 (1976); see *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 401, 87 S.Ct. 1801, 1804, 18 L.Ed.2d 1270 (1967); *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 200, 76 S.Ct. 273, 274, 100 L.Ed. 199 (1956); 9 U.S.C. s 1 (1976). Local courts have treated this Act as applicable in the District of Columbia. See; *John W. Johnson, Inc. v. 2500 Wisconsin Ave., Inc.*, 231 F.2d 761, 764 (1956); *Legg, Mason & Co. v. Mackall & Coe, Inc.*, 351 F.Supp. 1367, 1370 (D.D.C.1972).

Courts have applied the Act, however, only to contracts involving commerce between the District and some external point. See *Rubewa Prods. Co. v. Watson's Quality Turkey Prods., Inc.*, 242 A.2d 609, 613 n.7 (D.C. 1968); *Coles v. Redskin Realty Co.*, *supra,* 184 A.2d at 926-27 (agreement to settle dispute over finder's fee for purchase of real estate in District fails to satisfy "commerce" requirement).

In the instant dispute, the issue is purely one of contract law between two parties, and does not allege nor otherwise implicate any aspect of interstate commerce. As such, the Federal Arbitration Act does not apply to this diversity claim. There is no basis to stay or dismiss this case on the authority of the Act.

Even if the Act did apply, dismissal is not a proper remedy in this case. The Act provides that when the court is satisfied that the issues before it are subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

Although it is true that courts are not precluded from dismissing an action all together "in the proper circumstances," including where "all issues raised in the complaint must be submitted to arbitration." *Emeronye v. CACI Int'l, Inc.,* 141 F.Supp.2d 82, 88 (D.D.C.2001), in the instant case all defendants and all issues are not subject to arbitration. As such, this case does not present "proper circumstances" and. dismissal is not the appropriate remedy for Plaintiff's claims against Defendant Herskowitz. At most, if the Act applies at all, this action must be stayed against Defendant Herskowitz, not dismissed.

2. The District of Columbia Uniform Arbitration Act Does not Permit Dismissal.

Even if this Court were to determine that Plaintiff's claims are within the scope of arbitration contemplated by the Agreement, and even if this Court were to apply the District of Columbia Uniform Arbitration Act to require these disputes to be submitted to arbitration, the remedy of dismissal is not a proper action under the D.C. Act.

As the District of Columbia's Court of Appeals has stated:

> [T]he DCUAA requires a stay of litigation when arbitration is to take place, and therefore the court's authority to dismiss the case was at best doubtful. D.C.Code § 16-4302(d). Although the defendants moved for a dismissal, and that is how the court responded, we have made interpretations to effectuate the purpose of the DCUAA in the past. In *Hercules & Co. v. Beltway Carpet Serv., Inc.,* we stated that the defendant's "motion to dismiss must be seen as a motion to compel arbitration," noting that "the granting of the motion to 'dismiss' would not have resulted in the dismissal of count 1, but rather in a stay of the litigation as to that claim, pending the outcome of arbitration." 592 A.2d 1069, 1071, 1073 (D.C.1991) (internal citation omitted). Similarly, in *Robinson v. Booker,* we explained that "appellant's original motion … had sought a dismissal of the complaint on the ground that the contract compelled arbitration; accordingly, that motion must be seen as the application for compelled arbitration …" 561 A.2d 483, 484 (D.C.1989).

*Judith v. Graphic Communications Intern. Union*, 727 A.2d 890, 892 (D.C.,1999).

As such, even if this Court were to issue an order compelling arbitration of the Plaintiff's claims against Defendant Banks, it must retain jurisdiction over the underlying dispute and stay the action pending completion of the contemplated arbitration proceedings.

III.   This Court has Subject Matter Jurisdiction over the Dispute.

While it is not entirely clear upon what grounds Defendant Banks submits there is no subject matter jurisdiction in this diversity action, Plaintiff respectfully submits that the allegations of the Complaint clearly allege diversity of citizenship between and among Plaintiff Schutter (Complaint ¶3, District of Columbia), Defendant Banks (Complaint ¶5,

9

Pennsylvania) and Defendant Herskowitz (Complaint ¶4 Vermont). No party has put into evidence any reason to question the correctness of these allegations.

All that Defendant Banks asserts on this point, without authority, is "There is no diversity when the situs of the transaction is in the Commonwealth of Pennsylvania and the parties, by agreement have surrendered jurisdiction to an Arbitrary [sic] Proceeding in the Commonwealth of Pennsylavnia." Banks Motion ¶ 6. Banks also argues that "there is no 'diversity' jurisdiction within the District of Columbia since neither of the Defendants may be served and there is no inpersonum jurisidciton, thereby diversting the Court of Jurisdiction to address any of the issues." Banks Mem. At (unnumbered) page 4. This ignores entirely the sole relevant question as to whether the defendants and plaintiff are of different states, which they undoubtedly are.

Defendant Banks confuses the issues of personal jurisdiction, addressed above, choice of arbitration in an agreement to which he is not a party, addressed above, and the power of this Court to render a decision affecting citizens of different states, which is clearly vested by 28 U.S.C. Section 1332 and properly alleged without refutation in this case.

This Court may not dismiss based on lack of subject matter jurisdiction over the properly alleged diversity dispute.

WHEREFORE Plaintiff respectfully submits that Defendant Banks' Motion to Dismiss for Lack of Personal Jurisdiction for Agreed Upon Limitation of Jurisdiction to Arbitration in the Commonwealth of Pennsylvania and Lack of Subject Matter Jurisdiction be Denied

                                                                              RESPECTFULLY SUBMITTED:

>STEPHEN SCHUTTER
>By Counsel
>
>_____
>James M. Loots (384763)
>236 Massachusetts Ave NE #20
>Washington DC 20002
>(202) 536-5650
>jloots@lootslaw.com

### Certificate of Service

I hereby certify that the foregoing was served by ECF upon counsel for Defendant Herskowitz and by first class mail, postage prepaid, on January 11, 2007 upon:

Phillip Banks
405 Glen Arbor Court
King of Prussia PA 19406

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN SCHUTTER : | |
| : | Civil Action Number |
| v. : | 1:06cv01846 |
| DAVID HERSKOWITZ : | |
| And : | |
| PHILIP BANKS : | |

DECLARATION OF STEPHEN SCHUTTER

Stephen Schutter hereby declares, affirms and states under penalty of perjury the following:

1. My name is Stephen Schutter and I make this Declaration in support of my opposition to the Motion of Defendant Philip Banks to dismiss the complaint for lack of personal jurisdiction.

2. During the fourth quarter of 2005, I was introduced to Mr. Philip Banks, who represented to me that he could assist in the procurement of financing and in drafting and negotiating a contract with Mr. David Herskowitz for the purchase of a youth hostel located in Philadelphia, Pennsylvania. The negotiations resulted in an Agreement dated December 2, 2005 ("Agreement"), which was drafted by Mr. Banks for the signature of both parties: myself and Mr. Herskowitz.

3. Mr. Banks represented to me that he had significant experience and business transactions in the District of Columbia, and told me that he regularly assisted businesses and individuals in the District with real estate transactions and

1

provided me with business contacts listing local District of Columbia telephone numbers.

4.  In virtually every contact I had with Mr. Banks with respect to the proposed transaction, he called me or I called him on his Washington DC telephone number. We also exchanged numerous emails.

5.  Mr. Banks telephoned me at my Washington DC telephone number and was aware of the fact that he was negotiating the Agreement with me while I was in Washington DC. I do not know exactly where Mr. Banks was during each of these conversations, but he was calling from or answering a local telephone number, and I believed him to have significant business relationships in the District of Columbia.

6.  I received the Agreement in Washington, DC and executed the Agreement in Washington DC.

7.  I sent Mr. Herskowitz and Mr. Banks copies of the fully-executed Agreement from Washington DC.

8.  I tendered the $100,000.00 deposit as set forth in the Agreement from Washington DC. Upon information and belief, this deposit was forwarded to Mr. Banks and retained by him in escrow.

9.  I suffered the damages from the breaches of the Agreement, including but not limited to the loss of the $100,000.00 deposit, while I was in Washington DC.

FURTHER AFFIANT SAYETH NOT
January 11, 2007

_____/s_____
Stephen Schutter